**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | **CRIMINAL NO. 6:17-CR-00288-CRW** |
| | § | |
| **JASON MATTHEW SKAGGS,** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE CHRISTOPHER R. WOLFE,
UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I. PROCEDURAL BACKGROUND

The defendant, Jason Matthew Skaggs, was convicted of Bank Robbery, in violation of 18 U.S.C. § 2113(a). The defendant was sentenced to forty-eight (48) months imprisonment followed by three (3) years supervised release, to pay a $100.00 special assessment and $2,217.00 in restitution, and comply with mandatory, standard, and special conditions of supervised release.  The defendant was released to supervision on June 10, 2021.

On June 4, 2021, the defendant's case was reassigned to District Judge Alan D Albright.

On June 9, 2021, the defendant's conditions of supervision were modified for placement

in a residential reentry center for 180 days, as the defendant had no place to reside upon release from imprisonment.

On October 29, 2021, the conditions of supervision were modified to implement a restitution payment schedule of $100.00 per month.

On February 22, 2022, the Court was notified that the defendant had tested positive for marijuana on February 8, 2022, and no action was requested or ordered.

On June 5, 2023, a Petition for Warrant was filed, and a warrant subsequently issued, alleging multiple violations of supervised release. Violation Numbers 1, and 3-6 were alleged in that petition. Before the defendant was arrested on that warrant, he was arrested by state authorities for conduct underlying Violations Numbers 1 and 2.

On March 27, 2026, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his supervision and seeking a show-cause hearing as to why the defendant's supervision should not be revoked. The petition alleged the defendant violated the terms of his supervision in the following instances:

> **Violation Number 1:** The defendant violated Mandatory Condition Number 1, in that he committed another crime. On May 16, 2023, Mr. Skaggs committed the crime of Solicitation of Prostitution/Other Payor, in violation of Texas Penal Code 43.021(b), which is a state jail felony.

> **Violation Number 2:** The defendant violated Mandatory Condition Number 1, in that he committed another crime. On April 25, 2023, Mr. Skaggs raped by penetration and sexually assaulted a child, in violation of Texas Penal Code 22.011(a)(2), a 2nd Degree Felony.

> **Violation Number 3:** The defendant violated Mandatory Conditions Number 2 and Number 3, in that he unlawfully possessed a controlled substance and failed to refrain from the unlawful use of a controlled substance, in that on February 8, 2022, he submitted a urine specimen which tested positive for marijuana. On February 23, 2022, he signed a form admitting to the use of marijuana.

**Violation Number 4:** The defendant violated Mandatory Condition Number 7, in that he failed to pay restitution in accordance with the Schedule of Payments, in that he has failed to pay $100.00 per month towards restitution as ordered.

**Violation Number 5:** The defendant violated Standard Condition Number 9, in that he failed to notify the probation officer within 72 hours of being arrested, in that he was arrested on May 16, 2023, and never reported the arrest to the probation officer.

**Violation Number 6:** The defendant violated Standard Condition Number 8, in that he associated with individuals involved in criminal activity and with individuals who have been convicted of a felony without the permission of the probation officer.

The Defendant was scheduled for an initial appearance on the Amended Petition and brought into federal custody by a Writ of Habeas Corpus. Dkt. Nos. 48 & 49.

On April 24, 2026, the undersigned conducted an initial appearance of the defendant on the petition. He was advised of his rights, the charges against him, and the potential punishment for those charges which he acknowledged understanding. A preliminary hearing and final supervised release hearing were scheduled. The defendant was determined to be indigent, and counsel was appointed to represent him.

On June 2, 2026, the undersigned held a hearing on the Amended Petition. At that hearing, defendant was advised of the violations against him and the potential punishment for those violations. The defendant was advised that the most serious violation is a Grade A violation under USSG Ch. 7, Pt. B and that he has a criminal history category of VI. The defendant was advised that under the sentencing guidelines, his range of imprisonment is 33 to 41 months, but the statutory maximum allowed imprisonment is 24 months. The defendant then plead **TRUE** as to violation numbers 1 through 6. The Amended Petition contained a sufficient factual basis to support a plea of **TRUE** as to all violations.

At the hearing and through a pleading (Dkt. No. 62), the defendant requested that any sentence imposed because of the violations run concurrent rather than consecutive to his existing state sentence. The defendant conceded that the policy statement in sentencing guidelines require any imprisonment imposed for a revocation run consecutively to any other sentence. Dkt. No. 62 at 2. The defendant contended, however, that under Fifth Circuit authority, that policy statement is not binding. *Id*. at 2–3 (citing *United States v. Sanchez*, 900 F.3d 678 (5th Cir. 2018) and *United States v. Hinson*, 429 F.3d 114 (5th Cir. 2005)). Under the facts of this case, the defendant contends that the policy statement should not be followed.

The defendant explained that he has been in state custody and his term of supervised release tolled since early 2023. At the hearing, it was explained that the defendant was arrested in 2023 on state charges before he could be arrested for violating the terms of his supervised release. He remained in state custody pending resolution of the state case, and on February 20, 2025, a state sentence of twelve years was pronounced. He immediately began serving that sentence, and he will be eligible for parole in 2029 and will complete the full sentence in 2035. The defendant contends that the federal warrant has prevented him from participating in educational and other programs while in prison. He was brought into federal custody in 2025 on a writ of habeas corpus to address the petition for violating the terms of his supervised release and will be returned to state custody to continue serving his twelve-year sentence.

The defendant makes several legal arguments for why any federal imprisonment should run concurrently with any state sentence. He argues that because any imprisonment for violating his supervised release is a continuation of the original sentence he received in 2018. Dkt. No. 62 at 3. He contends that the federal court's judication has been primary as his federal sentence preceded his state sentence. *Id*. at 6. His supervised release would have terminated but for it

being tolled while he has been and will continue to be in state custody. *Id*. at 4–5. He contends that the policy of consecutive sentences should not apply to events that happen years after the original sentence and the later conduct was not related to the original conduct or foreseeable by the sentencing judge. *Id*. at 7–9. Applying the consecutive policy in this case, the defendant argues, would lead to a disproportionate result.

The government responded at the hearing and by brief and opposed the defendant's request that any sentence run concurrently. The government agrees with the defendant that the guidelines call for a consecutive sentence and that the guidelines are advisory, not mandatory. Dkt. No. 67 at 2. The government contends that the defendant's argument appears to be based on fairness. Given that the Defendant violated his supervised release in multiple ways—the most serious of which involved the rape of a child—and that the statutory maximum imprisonment he can receive is well under the guideline range, the government contends that running the sentences consecutively is appropriate. *Id*. at 3.

Before recommending whether to recommend the defendant's term of imprisonment run concurrently or consecutively, the undersigned begins with the purposes of supervised release and the sentencing guidelines. As discussed by the Supreme Court, sentencing considerations for violations of supervised release are limited to three purposes of sentencing—deterrence, incapacitation, and rehabilitation. *Esteras v. United States*, 606 U.S. 185, 191–92 (2025). These three purposes are captured by 18 U.S.C. §§ 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D). *Id*. at 192. This captures the idea that when deciding on a sentence for violations of supervised release, the court should "consider the *forward-looking* ends of sentencing (deterrence, incapacitation, and rehabilitation), but may not consider the *backward-looking* purposes of retribution." *Id*. at 196 (emphasis in original). While agreeing with the parties that the guidelines are not mandatory, the

undersigned is also guided by the theory underlying the sentencing guidelines—"at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. Ch. 7, Pt. A, Introduction.

Considering the guidelines, arguments of counsel, the statutory factors, and the particular facts of this case, the undersigned **RECOMMENDS** that the defendant's sentence should run consecutively with the state sentence. Given the severity of the violations, the need to afford adequate deterrence to criminal conduct and to protect the public justify application of a consecutive sentence. 18 U.S.C. § 3553(a)(2)(B) & (a)(2)(C). Two parts of the sentencing guidelines are also particularly relevant. First, the recommended guideline sentence for the Defendant's most severe violation—rape of a child—is 33 to 41 months, which is almost twice the maximum imprisonment of 24-months as allowed by the statute. *Compare* U.S.S.G. 7C1.5 *with* 18 U.S.C. § 3583. Second, the theory underlying the sentencing guidelines focuses on the defendant's breach of trust with this Court, which imposed the supervised release and not the state court. U.S.S.G. Ch. 7, Pt. A, Introduction. While the violations might not have been foreseeable when the defendant was sentenced in 2018, each of the violations from the least serious to the most serious are a violation of this Court's orders and a breach of trust with this Court. Allowing the defendant's imprisonment for violating his supervised release to run concurrently with his state sentence would eliminate any sanction for the defendant's breach of trust with this Court. Additionally, the sentencing guidelines instruct any sentence imposed for violating supervised release to run consecutively with any other sentence being served. All of this leads the undersigned to **RECOMMEND** that the defendant's imprisonment for violating the terms of his supervised release run consecutive with his state sentence.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of the Defendant and other testimony at the hearing, the undersigned finds as follows:

1.    The defendant violated the conditions of his supervision as alleged in the petition.

2.    The defendant was competent to make the decision to enter a plea of **TRUE** to the allegations underlying violations 1, 2, 3, 4, 5, and 6.

3.    The defendant had both a factual and rational understanding of the proceedings against him.

4.    The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5.    The defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6.    The defendant was sane and mentally competent to stand trial for these proceedings.

7.    The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.    The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9.    The defendant understood the petition and the violations alleged against him.

10.    The defendant had a sufficient opportunity to discuss the petition and violations with his attorney.

11.    The defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

12. The defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. The defendant freely, intelligently, and voluntarily entered his plea of TRUE to the allegations in violations 1, 2, 3, 4, 5, and 6.

14. The defendant understood his statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support the defendant's pleas of TRUE to violation numbers 1, 2, 3, 4, 5, and 6.

16. The defendant confirmed that he had read the factual basis for each violation, discussed them with his attorney, had no questions about the factual basis, wanted to clarify the factual basis for violation number 4 to also include that he was indigent as determined by the Court's appointment of counsel, and agreed that what was stated in the factual basis for violation numbers 1, 2, 3, 4, 5, and 6 is what he did and what he plead TRUE to.

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's pleas of **TRUE** be accepted and a judgement finding that he violated the terms of his supervised release be entered. The undersigned further **RECOMMENDS** that he be sentenced to twenty-four (24) months imprisonment to run consecutively with any term of custody that may result from the underlying state charges noted in the Amended Petition for Warrant for Offender Under Supervision (Dkt. No. 50 at 2) with credit for time served in federal custody on that Petition, and with no term of supervised release to follow.

### III. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 5th day of June, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE